ROBERT E. McALLISTER, Petitioner, v. AMELIA ELIZABETH McALLISTER, Respondent.

2 So. (2nd) 126
En Banc
Opinion Filed April 18, 1941
Rehearing Denied May 26, 1941

*H. H. Taylor* and *Caldwell, Meginniss & Parker,* for Petitioner;

*Loftin, Calkins, Anderson & Scott,* for Respondent.

PER CURIAM.—This cause is before us on petition for writ of certiorari to review an interlocutory order in a chancery suit under our Rule 34.

The suit is one to require specific performance of a separation agreement wherein and whereby defendant in divorce proceedings agreed, among other things, to pay plaintiff $300.00 per month in full for support and maintenance.

The order complained of is as follows:

"This cause was heard on the plaintiff's application for a temporary injunction and a writ of *ne exeat* and was argued by counsel for the respective parties. The court is of the opinion that a ruling in this case should be deferred until the filing of the defendant's pleadings.

"IT IS, THEREUPON, ORDERED that the defendant do file his answer, in which he may incorporate a motion to dismiss, on or before March 27, 1941, and that the matter be set for argument before this court at 10 o'clock, A. M., on April 7, 1941.

"ORDERED AND DONE in Chambers at Miami, Florida, this March 18, 1941."

Petitioner contends that the chancellor was without power to enter the order because the bill of complaint was filed February 20, 1941; alias summons was served March 13, 1941; notice of application for temporary injunction and for writ of *ne exeat* dated March 3, 1941, was also served March 13, 1941, and was brought on for hearing before the Chancellor on March 18, 1941, and then the above stated order was entered, whereas Section 6 of Florida Chancery Act provides:

"The .defendant shall file his written appearance, personally or by his solicitor, on the rule day to which the summons in chancery is made returnable, provided he has been served with process ten days before that date; otherwise, his appearance day shall be the next rule day succeeding the rule day to which the process is returnable."

When the motion for temporary injunction and for writ of *ne exeat* came on for hearing the parties were before the court and the court had jurisdiction of the parties and the subject matter. Instead of acting then on the motion the chancellor entered the order complained of.

It appears to us that the order was a reasonable one and it is not made to appear that such order worked any hardship or injustice on the petitioner. Certainly, it gave the defendant there adequate time to prepare and present his answer and motion to dismiss.

We do not construe the statute, *supra*, to preclude the chancellor, under a proper showing made, from making such an order as was made under the circumstances of this case. No reversible error appears. Certiorari is granted and quashed and the cause remanded to the lower court for further proceedings, including the fixing of a new date.

after notice for complying with the terms of the order of March 18, *supra*. Costs incident to the application for certiorari shall be taxed against petitioner.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD and CHAPMAN, J. J., concur.

THOMAS, J., dissents.